UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEAR SKIES NEVADA, LLC,

        Plaintiff,

v.                                        Case No. 8:15-cv-2710-T-30TGW

JOHN or JANE DOE subscriber
assigned IP address 65.33.241.113,

        Defendant.

_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. No. 6).  Plaintiff filed this action alleging direct copyright infringement against Defendant for unlawfully copying and distributing original works for which Plaintiff holds the copyright (Dkt. No. 1).  Plaintiff has identified the Internet Protocol ("IP") address for Defendant from which the allegedly infringing conduct has occurred.  By the instant motion, Plaintiff seeks to issue a third-party subpoena to Defendant's Internet Service Provider ("ISP") to ascertain Defendant's true identity prior to the scheduling conference required under Rule 26(f), Federal Rules of Civil Procedure.

Typically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1).  A court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause, however.  *See Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); *Arista Records LLC v. Does 1-7*, 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga.

Feb. 25, 2008); Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

Plaintiff established that it holds a copyright for multiple original works allegedly copied and distributed by Defendant through the use of BitTorrent protocol and that a forensic investigation revealed potential infringement of Plaintiff's rights in that work by Defendant. Plaintiff has clearly identified the information sought through discovery by identifying the IP address of Defendant as well as the hit date, file name, hash value, and ISP for the IP address (Dkt. No. 6-1) and shown that it has no alternative means to obtain Defendant's true identity and thus needs the subpoenaed information to properly advance its asserted claims in this action. Moreover, the information Plaintiff seeks is time sensitive because ISPs do not retain user activity logs for an extended duration. *See Arista Records*, 3:08-CV-18(CDL), 2008 WL 542709, at *1. If Plaintiff does not timely obtain Defendant's identifying information, Plaintiff may lose its ability to pursue its claims in this action. Accordingly, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference. After consideration, therefore, it is hereby

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. No. 6) is GRANTED.

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding it to provide Plaintiff with the true name, address, telephone number, and e-mail address of Defendant. Plaintiff may also serve a Rule 45 subpoena on any service provider identified in response to a

subpoena as a provider of internet services to Defendant.  Plaintiff shall attach a copy of the

Complaint and this Order to any subpoena issued pursuant to this Order.

3.  If the ISP qualifies as a "cable operator" under 47 U.S.C. § 522(5),[1] it shall comply

with 47 U.S.C. § 551(c)(2)(B), which provides that

> A cable operator may disclose [personally identifiable information] if the
> disclosure is ... made pursuant to a court order authorizing such disclosure, if the
> subscriber is notified of such order by the person to whom the order is directed[.]

4.  Upon receipt of the requested information in response to a Rule 45 subpoena served

on an ISP, Plaintiff shall only use the information disclosed for the purpose of protecting and

enforcing Plaintiff's rights as set forth in the Complaint.

**DONE** and **ORDERED** in Tampa, Florida on December 3, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

cc:  Counsel/Parties of Record

S:\Even\2015\15-cv-2710-pre-Rule 26 subpoena.wpd

---

[1]

"[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[.]" *Id.*

3