UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEAR SKIES NEVADA, LLC,

    Plaintiff,

v.                                                 Case No. 8:15-cv-2710-T-30TGW

LUIS SALMAN,

    Defendant.
_____/

## DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

This cause comes before the Court upon Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction against Defendant Luis Salman (Dkt. 16). The Court, having reviewed the motion, supporting documentation, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

In its amended complaint, Plaintiff Clear Skies Nevada, LLC alleges Defendant Luis Salman infringed its copyrights when he unlawfully reproduced and distributed Plaintiff's copyrighted Motion Picture by means of interactive "peer-to-peer" ("P2P") file transfer technology protocol called BitTorrent. Plaintiff alleges that Salman participated in a BitTorrent "swarm" in which numerous persons engaged in mass copyright infringement of Plaintiff's Motion Picture. Salman illegally uploaded and shared Plaintiff's Motion Picture

within the swarm. Plaintiff alleges Salman was a willing and knowing participant in the swarm at issue and engaged in such participation for the purpose of infringing Plaintiff's copyright.

On March 11, 2016, Salman was served via personal service with the amended complaint. On April 6, 2016, a Clerk's Entry of Default was entered against Salman for his failure to respond to the amended complaint. Plaintiff now moves for a default final judgment and permanent injunction. Plaintiff seeks statutory damages in the amount of $150,000.00, for Salman's willful violation of Plaintiff's copyrighted Motion Picture. Plaintiff also seeks a permanent injunction against Salman. Finally, Plaintiff requests attorney's fees in the amount of $1,255.00 and costs in the amount of $487.00.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v.*

*Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

## DISCUSSION

The Court concludes that it has federal question jurisdiction over Plaintiff's federal copyright claims. Also, the amended complaint's allegations are sufficient to state a claim. Accordingly, the Court must determine an appropriate award of statutory damages. Although Plaintiff seeks an award of $150,000.00 in statutory damages, the Court concludes that an award of $6,000.00 is reasonable and appropriate under the circumstances.

The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement. *See* 17 U.S.C. § 504(a)-(c). Statutory damages for each individual act of infringement ordinarily range from $750 to $30,000. *See* 17 U.S.C. § 504(c)(1). Where the copyright owner establishes willful infringement, however, the Court may increase the award of statutory damages, up to a maximum of $150,000 per infringement. *See* 17 U.S.C. § 504(c)(2).

Plaintiff seeks statutory damages of $150,000.00, the maximum that can be imposed based on willful infringement. There is ample authority, however, to reduce statutory damages far below the maximum allowed in similar cases. *See J & J Sports Prods., Inc. v. Arboleda,* No. 6:09-cv-467-ORL-18DAB, 2009 WL 3490859, at *7 (M.D. Fla. Oct. 27,

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

2009) (reducing statutory damages to $2000 instead of $50,000 requested); *Microsoft Corp. v. Raven Tech., Inc.,* No. 6:05-cv-1346-ORL-28DAB, 2007 WL 809682, at *4 (M.D. Fla. Mar. 15, 2007) (reducing requested statutory damages from $100,000 per trademark to $750); *Nintendo of Am., Inc. v. Ketchum,* 830 F. Supp. 1443, 1445 (M.D. Fla. 1993). Indeed, "[t]he vast majority of other courts assessing statutory damages in similar cases in which the defendants have downloaded copyrighted material via bit torrent have assessed damages of approximately $6,000 based on an inference of willfulness," particularly, where as here, the plaintiff has failed to demonstrate evidence of its own lost license fees, profits, or actual damages. *Bait Prods. PTY Ltd. v. Aguilar*, No. 8:13-CV-161-T-31DAB, 2013 WL 5653357, at *6 (M.D. Fla. Oct. 15, 2013) (collecting cases); *see also Thompsons Film, LLC v. Velez,* No. 6:13-CV-671-ORL-36TB, 2014 WL 3721288, at *6 (M.D. Fla. July 28, 2014) (awarding $6000 in BitTorrent copyright infringement case); *Bait Productions PTY Ltd. v. Wallis,* No. 8:13-cv-165-T-31-DAB, 2013 WL 5653359, at *6 (M.D. Fla. Oct. 15, 2013) (same); *Universal City Studios Production, LLP v. Howell,* No. 3:06-cv-395-J-33TEM, 2007 WL 853471, at *2 (M.D. Fla. Mar. 16, 2007) ($6000 in statutory damages for internet-based copyright infringement of movie). Therefore, statutory damages of $6,000.00 will be imposed.

The Court concludes that Plaintiff's request for attorney's fees and costs in the amount of $1,742.00 is reasonable and authorized under 17 U.S.C. § 505.

Finally, the Court concludes that a permanent injunction is appropriate. Under 17 U.S.C. § 502(a), the court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006).

Plaintiff has sufficiently established that absent an injunction, Salman will continue to cause Plaintiff irreparable injury that cannot fully be compensated or measured. Furthermore, Salman has not provided the Court with any evidence purporting to show his claim to the works; therefore, Salman would suffer minimal, if any, hardship as a result of the injunction being issued. Finally, there is no indication that the public interest would be disserved by the issuance of a permanent injunction against Salman.

It is therefore ORDERED and ADJUDGED as follows:

1.      Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction against Defendant Luis Salman (Dkt. 16) is granted in part and denied in part to the extent stated herein.

2.      Defendant Luis Salman shall pay to Plaintiff Clear Skies Nevada, LLC the sum of $6,000.00 in statutory damages and $1,742.00 for attorney's fees and costs, for a total

award of **$7,742.00**, for which let execution issue forthwith.  This amount shall accrue post-judgment interest at the current federal rate until the date of its satisfaction.

3. Defendant Luis Salman is enjoined from directly, contributorily, or indirectly infringing Plaintiff's rights under federal or state law in the copyrighted Motion Picture, including, without limitation, by using the Internet, BitTorrent, or any other online media distribution system to reproduce (e.g., download) or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

4. Defendant is directed to immediately destroy all copies of Plaintiff's Motion Picture that he has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Defendant's possession, custody, or control.

5. The Clerk of Court is directed to enter FINAL JUDGMENT in Plaintiff's favor and against Defendant consistent with the relief stated herein.

6. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record